**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| LISA HOLLIDAY,<br><br>        Plaintiff,<br><br>    v.<br><br>JAGUAR LAND ROVER NORTH AMERICA, LLC,<br><br>        Defendant. | Case No. 24-cv-00553-BLF<br><br>**ORDER GRANTING MOTION TO REMAND AND DENYING MOTION TO DISMISS OR STRIKE**<br><br>[Re: ECF No. 14, 19] |

Before the Court are two motions. First, Plaintiff Lisa Holliday moves to remand this case to state court. ECF No. 14. Defendant Jaguar Land Rover North America, LLC ("JLRNA") opposes the motion. ECF No. 15. Plaintiff filed a reply. ECF No. 21. Second, JLRNA moves to dismiss or strike Plaintiff's first amended complaint for failure to comply with 28 U.S.C. § 1447(e). ECF No. 19. Plaintiff opposes the motion. ECF No. 22. JLRNA filed a reply. ECF No. 23. The Court finds both motions appropriate for disposition without oral argument, and hereby VACATES the hearings scheduled for May 2, 2024 and July 17, 2024. *See* Civ. L.R. 7-1(b).

For the reasons below, the Court DENIES JLRNA's motion to dismiss or strike and GRANTS Plaintiff's motion to remand.

**I.  BACKGROUND**

On May 19, 2021, Plaintiff purchased a 2018 Land Rover Range Rover Velar ("Vehicle"). ECF No. 13 ¶ 5 ("FAC"). After the purchase, Plaintiff discovered various defects, "including, but not limited to, defects which cause the check engine light to illuminate, defects which cause the screen to go black, and defects which cause the engine to fail." *Id.* ¶ 8. On December 28, 2023, Plaintiff filed a lawsuit in the Santa Clara County Superior Court, bringing twelve causes of action

1  under the Song-Beverly Act, Cal. Civ. Code § 1790 *et seq*.  *See* ECF No. 2-2 ("Compl.") ¶¶ 9–70.
2  Among other things, Plaintiff seeks a civil penalty of at least $141,044.40.  *Id.* at Prayer.  On
3  January 29, 2024, JLRNA removed the case to this Court.  *See* ECF No. 2.  On February 6, 2024,
4  Plaintiff filed her first amended complaint, which added Haron Motor Sales, Inc., as an additional
5  defendant.  FAC ¶¶ 62–71.  The next day, Plaintiff filed a motion to remand.  *See* ECF No. 14.  In
6  addition to opposing the motion to remand, JLRNA moves to dismiss or strike the first amended
7  complaint.  *See* ECF No. 19.

## II. LEGAL STANDARDS

### A. Joinder of a Non-Diverse Party

"If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e).  Courts in this district have required leave of court before a plaintiff can file an amended pleading that would join a party that would defeat diversity. *See Dooley v. Grancare, LLC*, No. C 15-3038 SBA, 2015 WL 6746447, at *2 (N.D. Cal. Nov. 5, 2015) (citing *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998)); *Brown v. Ikon Off. Sols., Inc.*, No. C 09-03434 JWS, 2009 WL 3707334, at *1 (N.D. Cal. Nov. 4, 2009) ("Although, ordinarily, plaintiffs may amend their pleadings once as a matter of course at any time before a responsive pleading is filed, leave of court is required to file an amended pleading that would destroy diversity jurisdiction."); *see also* 14C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3739.1 (4th ed. 2016) (noting that courts apply the standard under 28 U.S.C. § 1447(e) even where the amendment would ordinarily be "as a matter of course" under Fed. R. Civ. P. 15(a)(1)).

"The decision of whether to grant leave to allow the joinder of a non-diverse defendant is a matter of the district court's discretion." *Dooley*, 2015 WL 6746447, at *2.  In exercising discretion, courts consider the following factors:

> (1) whether the party sought to be joined is needed for just adjudication and would be joined under Federal Rule of Civil Procedure 19(a); (2) whether the statute of limitations would preclude an original action against the new defendants in state court; (3) whether there has been unexplained delay in requesting joinder;

2

>(4) whether joinder is intended solely to defeat federal jurisdiction;
>(5) whether the claims against the new defendant appear valid; and
>(6) whether denial of joinder will prejudice the plaintiff.

*IBC Aviation Servs., Inc. v. Compania Mexicana de Aviacion, S.A. de C.V.*, 125 F.Supp.2d 1008, 1011 (N.D. Cal. 2000).

### B. Remand

"A defendant may remove an action to federal court based on federal question jurisdiction or diversity jurisdiction." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (citing 28 U.S.C. § 1441). "The mechanics and requirements for removal are governed by 28 U.S.C. § 1446." *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1139 (9th Cir. 2013). A party who contests removal may file a motion to remand. *See* 28 U.S.C. § 1447(c). "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal." *Id.* "[T]he burden is on the party removing the case from state court to show the exercise of federal jurisdiction is appropriate." *Kuxhausen*, 707 F.3d at 1141.

## III. DISCUSSION

Because whether Haron Motor Sales was improperly joined will impact the Court's analysis of diversity of citizenship, the Court will first rule on JLRNA's motion to strike or dismiss the first amended complaint. The Court will then rule on Plaintiff's motion to remand.

### A. Motion to Dismiss or Strike

JLRNA argues that the Court should dismiss or strike Plaintiff's first amended complaint because Plaintiff failed to seek leave to amend to add Haron Motor Sales. ECF No. 19-1 at 3–4. JLRNA also argues that, even if Plaintiff had sought leave to amend, she cannot satisfy the analysis required under § 1447(e) because Haron Motor Sales is not a necessary party, statute of limitations requirements do not favor amendment, Plaintiff cannot justify her delay in naming Haron Motor Sales, the joinder is for the purpose of defeating federal jurisdiction, the claim against Haron Motor Sales is unnecessary, and there is no prejudice to Plaintiff caused by denial of joinder. *Id.* at 5–10. Plaintiff responds that her amended complaint was properly filed under Fed. R. Civ. P. 15(a) and that § 1447(e) does not require her to request leave. ECF No. 22 at 2–3.

1    Plaintiff also responds that the first, fifth, and sixth factors weigh in favor of permitting joinder—
2    Plaintiff's eleventh and twelfth causes of action were directed against repair facilities, rather than
3    JLRNA, and JLRNA seeks to defend itself by alleging that third parties were negligent regarding
4    the matters to which the Complaint refers. *Id.* at 3–4. Plaintiff thus argues that her claims against
5    Haron Motor Sales are valid, and she would be prejudiced if she could not join a potentially
6    responsible party. *Id.*

7    The Court finds that Plaintiff's failure to seek leave of Court in accordance with § 1447(e)
8    is grounds for striking first amended complaint. District courts in California have held that, even
9    where the plaintiff seeks to amend as a matter of course under Rule 15(a), a plaintiff's failure to
10   seek leave to join a non-diverse party under § 1447(e) is grounds to strike a complaint. *See, e.g.*,
11   *Dooley*, 2015 WL 6746447, at *2; *Brown*, 2009 WL 3707334, at *; *see also* 14C Wright & Miller,
12   *Federal Practice and Procedure* § 3739.1. However, it would be inefficient for the Court to strike
13   the first amended complaint only to allow Plaintiff to file a motion for leave to file an identical
14   pleading and raise arguments substantially similar to the ones that the parties have raised in this
15   motion. *See Keledjian v. Jabil Cir., Inc.*, No. 17CV0332-MMA (JLB), 2017 WL 3437652, at *3
16   (S.D. Cal. Aug. 10, 2017) (holding that, although it would be appropriate to strike an amended
17   complaint for failing to seek leave to join a non-diverse party, to do so would be inefficient).
18   Because the parties have fully briefed whether joinder under § 1447(e) is appropriate, the Court
19   will instead address each of the factors in turn.

20                    **i.    Whether Haron Motor Sales is a necessary party**

21   "Federal Rule of Civil Procedure 19 requires joinder of persons whose absence would
22   preclude the grant of complete relief, or whose absence would impede their ability to protect their
23   interests or would subject any of the parties to the danger of inconsistent obligations." *IBC*
24   *Aviation Servs.*, 125 F.Supp.2d at 1011 (citing Fed. R. Civ. P. 19(a)). However, the standard for
25   amendment under § 1447(e) is less restrictive than the standard for joinder under Rule 19. *See id.*
26   at 1011–12. Courts permit joinder where the failure to join a non-diverse defendant would result
27   in "separate and redundant actions" and disallow joinder where a non-diverse defendant is "only
28   tangentially related to the cause of action or would not prevent complete relief." *Id.*

4

The Court finds that the first factor weighs slightly in favor of permitting joinder. The Court notes that, if Plaintiff were to bring a separate lawsuit against Haron Motor Sales, the lawsuit would likely involve the same facts and discovery. *See Keledjian*, 2017 WL 3437652, at *4 (finding that the first factor weighed in favor of joinder because any separate lawsuit would be redundant). JLRNA argues that Haron Motor Sales is not a necessary party because all relief arising under the Song Beverly Act claims may be obtained from JLRNA and Plaintiff fails to allege any facts to support her negligence claim. ECF No. 19-1 at 6. However, Plaintiff has pled negligence as an alternative basis for relief. *See* FAC ¶¶ 62–66. JLRNA's answer alleges that third parties were negligent regarding the matters to which the Complaint refers, and that this negligence was the cause of Plaintiff's damages. ECF No. 19-3 ¶ 25. Thus, it appears that the parties agree that the negligence of third parties, including Haron Motor Sales, is at issue in this case. To the extent that JLRNA argues that Plaintiff fails to allege facts to support her negligence claim, the Court's analysis is limited to whether Haron Motor Sales is a necessary party, not whether Plaintiff states a claim under Rule 12(b)(6).

### ii. Whether the statute of limitations would preclude an original action against Haron Motor Sales

This factor weighs slightly against permitting joinder because Plaintiff does not argue that the statute of limitations would prevent her from commencing a separate action against Haron Motor Sales. *See Clinco v. Roberts*, 41 F.Supp.2d 1080, 1083 (C.D. Cal. 1999) (finding that the second factor did not support joinder because the plaintiff did not argue that a new action would be time-barred).

### iii. Whether there has been unexplained delay in requesting joinder

In considering this factor, some courts have considered the length of the delay, the explanation for any delay, or both. *See Keledjian*, 2017 WL 3437652, at *4 (describing the split and addressing both); *Wolff-Bolton v. Manor Care-Tice Valley CA, LLC*, No. 17-CV-02405-JSC, 2017 WL 2887857, at *5 (N.D. Cal. July 7, 2017) (addressing both).

Plaintiff filed her first amended complaint only eight days after removal and forty-one days after filing her initial complaint in state court. Thus, Plaintiff did not unreasonably delay. *See*

*IBC Aviation Servs.*, 125 F.Supp.2d at 1012 (finding a delay of 71 days reasonable). However, Plaintiff has provided no explanation for why she failed to join Haron Motor Sales in her initial complaint. Indeed, Plaintiff represents that Haron Motor Sales held her vehicle for repair from October 25, 2022 to April 26, 2023. ECF No. 22 at 3–4. This would indicate that Plaintiff was aware of Haron Motor Sales as a potential defendant well before she filed her initial complaint in this action. Thus, this factor weighs slightly against permitting joinder. *See Keledjian*, 2017 WL 3437652, at *4 (finding "dubious" a plaintiff's allegation that he did not know the identity of the non-diverse defendant or any of the factual allegations underpinning the additional claim and finding that the third factor weighed against joinder); *cf. Wolff-Bolton*, 2017 WL 2887857, at *5 (finding sufficient a plaintiffs' explanation that they did not discover the identity of a non-diverse defendant until after the complaint was filed).

### iv. Whether joinder is intended solely to defeat federal jurisdiction

Without any evidence of improper motive, the Court would not "impute an improper motive to Plaintiff simply because Plaintiff seeks to add a non-diverse defendant post-removal." *See IBC Aviation Servs.*, 125 F.Supp.2d at 1012. "Suspicion of diversity destroying amendments is not as important now that § 1447(e) gives courts more flexibility in dealing with the addition of such defendants." *Id.* "[T]he question of whether joinder is solely intended to defeat jurisdiction is 'intertwined' with the question of whether the claims against the new defendant appear valid." *Sabag v. FCA US, LLC*, No. 216CV06639CASRAOX, 2016 WL 6581154, at *6 (C.D. Cal. Nov. 7, 2016) (holding that because the plaintiff's claim against the diversity-destroying defendant was facially legitimate, the plaintiff's motive was not solely to defeat federal jurisdiction).

JLRNA argues that the Court can infer an improper motive to defeat federal jurisdiction because Plaintiff was aware that removal was on the basis of diversity jurisdiction, the first amended complaint made only minor or insignificant changes, and monetary damages may be fully satisfied by JLRNA. *See* ECF No. 19-1 at 8–9. Although JLRNA is correct that Plaintiff's initial complaint and first amended complaint are substantially similar, this fact without more is not sufficient to find an improper motive. *See Sabag*, 2016 WL 6581154, at *5–6 (noting that although the original and first amended complaints were substantially similar with the exception

1  of the addition of the new defendant and the omission of a cause of action, the claim against the
2  non-diverse defendant was facially legitimate and not solely to destroy diversity). Moreover, there
3  is some evidence that Plaintiff intended to add dealership defendants such as Haron Motor Sales
4  before removal—for example, the eleventh and twelfth causes of action in the initial complaint
5  raised claims against Doe dealership defendants, rather than JLRNA. *See* Compl. ¶¶ 61–70.
6  JLRNA also cites *Buttons v. Nat'l Broad. Co.*, 858 F.Supp. 1025 (C.D. Cal. 1994) for the
7  proposition that diversity-defeating joinder should not be allowed if a plaintiff's monetary
8  damages could be fully satisfied by other diverse defendants. ECF No. 19-1 at 8–9. However, in
9  *Buttons*, the diversity-destroying potential defendants had no responsibility over the production or
10 content of the show, which was the subject of the claim. *Buttons*, 858 F.Supp. at 1027. Here,
11 Haron Motor Sales is a dealer that could be liable under a theory of negligence or under the Song
12 Beverly Act. The fact that JLRNA, the manufacturer, could satisfy the award does not mean that
13 Haron Motor Sales cannot be liable. *See Sabag*, 2016 WL 6581154, at *6 (rejecting a
14 substantially similar argument).

15     Accordingly, the Court does not find evidence of an improper motive and finds that this
16 factor weighs in favor of permitting joinder.

17     **v.    Whether the claims against Haron Motor Sales appear valid**

18     "The existence of a facially legitimate claim against the putative defendant weighs in favor
19 of permitting joinder under section 1447(e)." *Taylor v. Honeywell Corp.*, No. 09-4947, 2010 WL
20 1881459, at *3 (N.D. Cal. May 10, 2010). "In considering the validity of plaintiff's claims, 'the
21 [c]ourt need only determine whether the claim seems valid' which is not the same as the standard
22 in either a motion to dismiss or a motion for summary judgment." *Sabag*, 2016 WL 6581154, at
23 *6 (alteration in original) (quoting *Freeman v. Cardinal Health Pharmacy Servs., LLC*, No. 2:14-
24 CV-01994-JAM, 2015 WL 2006183, at *3 (E.D. Cal. May 1, 2015)).

25     JLRNA admits that the two claims against Haron Motor Sales are technically valid but
26 argues that they are unnecessary because they do not provide Plaintiff with any benefit other than
27 to defeat diversity. ECF No. 19-1 at 9. However, as noted above, the fact that JLRNA could
28 satisfy the potential damages award does not mean that Haron Motor Sales is an improper party.

7

1  *See Sabag*, 2016 WL 6581154, at *6 (rejecting a substantially similar argument).  Because the Court finds that Plaintiff has stated a facially valid claim against Haron Motor Sales, this factor weighs in favor of permitting joinder.

### vi.  Whether the denial of joinder will prejudice Plaintiff

In considering prejudice, courts have considered whether "denying the amendment would require Plaintiff to choose between redundant litigation arising out of the same facts and involving the same legal issues or foregoing its potential claims." *IBC Aviation Servs.*, 125 F.Supp.2d at 1013.  Courts also consider whether the proposed defendant is crucial to the case and whether complete relief can be afforded without the defendant.  *See Keledjian*, 2017 WL 3437652, at *7.

The Court finds that this factor weighs slightly in favor of permitting joinder because, as stated above, denying the amendment would require Plaintiff to choose between redundant litigation and forgoing her claims against Haron Motor Sales.  JLRNA argues that Plaintiff would not be prejudiced because complete relief can be afforded without the addition of Haron Motor Sales.  ECF No. 19-1.  Even if this were true, Haron Motor Sales is a potentially responsible party against whom Plaintiff has stated a facially valid claim, and its absence from the case would prejudice Plaintiff.

\*      \*      \*

In sum, the Court finds that the factors weigh in favor of permitting joinder of Haron Motor Sales.  The Court will permit amendment under the standard in 28 U.S.C. § 1447(e) and DENIES JLRNA's motion to dismiss or strike the first amended complaint.

### B.   Motion to Remand

Plaintiff argues generally that JLRNA has failed to meet its burden to show that the exercise of federal jurisdiction is appropriate.  ECF No. 14 at 7–11.  JLRNA responds that diversity jurisdiction has been met because at the time of removal, there was complete diversity of all parties.  ECF No. 15 at 4–5.  In the alternative, JLRNA requests leave to conduct jurisdictional discovery.  *See id.* at 5.  JLRNA also argues that the Amended Complaint was improperly filed because Haron Motor Sales was fraudulently joined to defeat diversity.  *Id.* at 5–7.  In reply, Plaintiff argues that JLRNA failed to present evidence showing that the action was removed

1  within 30 days of service.  ECF No. 21 at 2.  Plaintiff also argues that JLRNA has failed to present
2  evidence showing diversity of citizenship.  *Id.* at 3.  Plaintiff argues that JLRNA has failed to
3  present sufficient evidence of the citizenship of any of the parties, including JLRNA's members,
4  Haron Motor Sales, and Plaintiff.  *Id.* at 3–6.  Finally, Plaintiff argues that JLRNA has failed to
5  show facts establishing fraudulent joinder.  *Id.* at 4–5.

### i. Procedural Requirements

The Court first concludes that JLRNA has met the procedural requirements of the removal statute.  The removal statute requires that a notice of removal be filed within 30 days of service of the initial pleading.  *See* 28 U.S.C. § 1446(b)(1).  JLRNA's notice of removal was timely.  The initial complaint was filed in state court on December 28, 2023.  Compl. at p. 2 (stating the filing date).  It was served on JLRNA on December 29, 2023.  ECF No. 2-1 ("Lambert Decl.") ¶ 5.  JLRNA filed the notice of removal in this case on January 29, 2024, the last day of the statutory period.  *See* Fed. R. Civ. P. 6(a)(1).

### ii. Substantive Requirements

The Court concludes that JLRNA has failed to meet its burden to show that the exercise of federal jurisdiction is appropriate.  Removal in this case relies on diversity jurisdiction, which requires that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states."  28 U.S.C.A. § 1332(a)(1).  The amount in controversy requirement is met because Plaintiff's complaint requests a civil penalty of $141,044.40.  Compl. at Prayer.

However, the Court finds that JLRNA has failed to meet its burden to show complete diversity for two reasons.  First, JLRNA has failed to produce sufficient evidence of either its citizenship or Plaintiff's.  *See Cnty. of San Mateo v. Chevron Corp.*, 32 F.4th 733, 746 (9th Cir. 2022) ("The defendant has the burden of proving by a preponderance of the evidence that the requirements for removal jurisdiction have been met.").  To establish its citizenship, JLRNA relies on its certification of interested entities or persons, which states that JLRNA is organized under

1   the laws of Delaware and has a principal place of business in New Jersey.  *See* ECF No. 15-4.[1]

2   However, "[a] limited liability company is a citizen of every state of which its owners/members

3   are citizens, not the state in which it was formed or does business." *Voltage Pictures, LLC v.*

4   *Gussi, S.A. de C.V.*, 92 F.4th 815, 822 (9th Cir. 2024) (quoting *NewGen, LLC v. Safe Cig, LLC*,

5   840 F.3d 606, 612 (9th Cir. 2016)) (noting that a record indicating only that a limited liability

6   corporation's principal place of business is insufficient to determine whether the court had

7   diversity jurisdiction).  JLRNA has not produced any evidence regarding the citizenship of its

8   owners and members.  Similarly, although JLRNA assumes that Plaintiff is a citizen of California,

9   JLRNA points to no evidence in the record of her citizenship or domicile, nor could the Court find

10  any.

11          Second, although JLRNA did not produce evidence relating to Haron Motor Sales'

12  citizenship, JLRNA assumes that Haron Motor Sales is a California citizen, which would defeat

13  complete diversity.  *See* ECF No. 15 at 1.  JLRNA suggests that Plaintiff's attempt to join Haron

14  Motor Sales is tantamount to fraudulent joinder.  *Id.*  Fraudulently joined defendants who destroy

15  diversity of citizenship do not defeat removal.  *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339

16  (9th Cir. 1987).  "There is a general presumption against fraudulent joinder and the defendant's

17  burden of demonstrating that a joinder is fraudulent is a heavy one."  *Beutel v. Wells Fargo Bank*

18  *N.A.*, No. 18-CV-03686-LHK, 2018 WL 3084660, at *2 (N.D. Cal. June 22, 2018) (quoting

19  *Hunter*, 582 F.3d at 1046) (internal quotations omitted).  The Court finds that JLRNA has failed to

20  meet its heavy burden to establish fraudulent joinder.  As stated above, JLRNA has failed to

21  demonstrate that Plaintiff's only purpose in joining Haron Motor Sales is to defeat federal

22  question jurisdiction, and Plaintiff has stated facially valid claims against Haron Motor Sales.  *See*

23  *Grancare, LLC v. Thrower ex rel. Mills*, 889 F.3d 543, 547 (9th Cir. 2018) ("[F]raudulent joinder

---

[1] Plaintiff objects to this evidence as hearsay and lacking foundation.  ECF No. 21 at 6.  The Court OVERRULES Plaintiff's objection.  In evaluating the existence of diversity jurisdiction on a motion to remand, courts consider summary-judgment-type evidence.  *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 793 (9th Cir. 2018).  "[A]t summary judgment a district court may consider hearsay evidence submitted in an inadmissible form, so long as the underlying evidence could be provided in an admissible form at trial, such as by live testimony." *JL Beverage Co., LLC v. Jim Beam Brands Co.*, 828 F.3d 1098, 1110 (9th Cir. 2016).

United States District Court
Northern District of California

1  should not be found if there is 'any possibility' that a plaintiff could state a claim against the
2  defendant, even if the complaint actually fails to state a claim."). As such, the Court finds that
3  Haron Motors was not fraudulently joined, and assuming that it is a California citizen, its joinder
4  defeats diversity of citizenship.

5      Accordingly, because JLRNA has failed to meet its burden to produce evidence to
6  establish diversity of citizenship, the Court finds that it does not have subject matter jurisdiction
7  and GRANTS Plaintiff's motion to remand.

8          **iii.    Jurisdictional Discovery**

9      Although JLRNA requests jurisdictional discovery, the Court finds no basis to grant such
10 discovery. "A district court is vested with broad discretion to permit or deny [jurisdictional]
11 discovery." *Laub v. U.S. Dep't of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003). "Jurisdictional
12 discovery 'should ordinarily be granted where pertinent facts bearing on the question of
13 jurisdiction are controverted or where a more satisfactory showing of the facts is necessary.'"
14 *Yamashita v. LG Chem, Ltd.*, 62 F.4th 496, 507 (9th Cir. 2023) (quoting *Laub*, 342 F.3d at 1093).
15 However, the Ninth Circuit has stated that "a mere hunch that discovery might yield
16 jurisdictionally relevant facts" is insufficient to grant jurisdictional discovery. *Id.* "The district
17 court's refusal to provide such discovery will not be reversed except upon the clearest showing
18 that denial of discovery results in actual and substantial prejudice to the complaining litigant."
19 *Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008) (cleaned up).

20     JLRNA has failed to identify for the Court what, if any, facts it might discover through
21 jurisdictional discovery. JLRNA failed to produce sufficient evidence of its own citizenship, but
22 those facts are within its control. JLRNA has also failed to point the Court to any evidence that it
23 might discover about Plaintiff or Haron Motor Sales that might change the outcome of the Court's
24 ruling on removal. *See Laub*, 342 F.3d at 1093. This is especially true here because JLRNA has
25 represented to the Court that Plaintiff and Haron Motor Sales are both citizens of California, and
26 thus complete diversity does not exist.

27     Accordingly, the Court declines to exercise its discretion to permit jurisdictional discovery.
28

11

IV. **ORDER**

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff Lisa Holliday's Motion to Remand is (ECF No. 14) is GRANTED.

2. Defendant Jaguar Land Rover North America, LLC's Motion to Dismiss or Strike the first amended complaint (ECF No. 19) is DENIED.

Dated: March 21, 2024

*[signature]*

BETH LABSON FREEMAN
United States District Judge